```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 18, 2011
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
HOGUET NEWMAN REGAL & KENNEY, LLP, :
               <u>Plaintiff</u>, :
     -against- :   No. 11 Civ. 5377 (JFK)
                :   **MEMORANDUM OPINION & ORDER**
DAVID RUBIN, :
               <u>Defendant</u>. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant David Rubin's ("Rubin" or "Defendant") motion to dismiss in favor of mediation or, failing that arbitration. For the reasons stated below, the Defendant's motion to dismiss is denied, and the action is stayed pending mediation and arbitration, with court-imposed deadlines.

### I. Background

    Hoguet Newman Regal & Kenney, LLP ("HNRK" or "Plaintiff") has brought the instant action to recover $262,840.22 in legal fees allegedly owed by the firm's former client, David Rubin ("Rubin" or "Defendant"). (Compl. ¶¶ 2-3). HNRK represented Rubin in an ongoing criminal matter until April 2011, when Rubin engaged new counsel and asked HNRK to withdraw. HNRK complied, having billed $798,698.97 in fees and expenses, of which Rubin has paid $535,858.75. (Compl. ¶¶ 8-10).

    The October 2009 retainer agreement signed by HNRK and Rubin provided that "any fee dispute that may arise between us

will be first submitted to non-binding mediation and then, if necessary, to arbitration." (Def. Mem. at 3, Houguet Aff. at 2). The agreement also specifies that the arbitration will be subject to New York's rules on mandatory arbitration of fee disputes, under 22 N.Y.C.R.R. Part 137. (Hoguet Aff. at 2). HNRK agrees that the instant fee dispute falls under the agreement's arbitration provision, but submits that the New York rules do not apply to fee disputes in criminal cases. In addition, HNRK asserts that the action should be stayed, under Section 3 of the Federal Arbitration Act, and that the Court should set deadlines for Defendant's participation in mediation and arbitration. (Pl. Mem. at 2). Rubin rejects this proposal, requesting that the action be dismissed, and that no deadlines be imposed.

## II. Discussion

Because the parties agree that the fee dispute falls within the terms of the arbitration clause, only two issues remain: (1) whether the action should be dismissed or stayed; and (2) whether deadlines should be imposed.

A district court has the discretion to choose between dismissing and staying the matter. Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 92-93 (2d Cir. 2002) (discussing trial courts' ability to stay proceedings or dismiss the action in favor of arbitration). The determination of whether to dismiss

2

or stay a claim governed by an arbitration clause depends on whether any "useful purpose will be served by granting a stay of [the] proceedings." Berger v. Cantor Fitzgerald Secs., 967 F.Supp. 91, 96 (S.D.N.Y. 1997). Here, it is not only consistent with Second Circuit jurisprudence, but also prudent in this case to stay the action pending mediation and arbitration.

The Second Circuit has urged courts to "be mindful of th[e] liberal federal policy favoring arbitration agreements when deciding whether to dismiss an action or instead grant a stay" and consider that "[u]nnecessary delay of the arbitral process through appellate review [following dismissal] is disfavored." Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 93 (2d Cir. 2002) (internal citation and quotation marks omitted).

Additionally, opting to stay an action, rather than dismissing it, promotes the speed with which the arbitration of the dispute may begin. Dismissal is reviewable by an appellate court under Section 16(a)(3) of the FAA, but a stay is an unappealable interlocutory order under Section 16(b). Douce v. Origin ID, No. 08-CV-0483, 2009 WL 382708, at *5 (S.D.N.Y. Feb. 17, 2009) (exercising discretion to stay pending arbitration rather than dismiss "[t]o promote expeditious resolution of th[e] dispute"). Although the parties do not dispute the validity of the arbitration clause in this case, there is disagreement over the applicability of New York's arbitration

3

rules and the appropriateness of court-imposed arbitration deadlines.  Rubin has a criminal trial looming and any delay in commencing mediation and arbitration could forestall the action entirely.  The mediation and arbitration process should not be delayed by interlocutory review; this action is therefore ill-suited for dismissal.

   Next, the Court will turn to the issue of setting deadlines for mediation and arbitration.  Defendant argues that it would be improper for the Court to set deadlines for mediation and arbitration, as procedural matters fall within the purview of the mediator.  Contrary to Defendant's assertion, however, it would be impossible for a mediator to set a deadline for parties to enter mediation; no mediator has been selected, so no deadline can be put in place unless the Court imposes one. Setting a deadline for the commencement of alternative dispute resolution does not hamper the process by injecting the Court into procedural matters that the FAA reserves for the mediator. Rather, a deadline will advance the arbitration process. See In re A.H. Robins Co., Inc., 215 B.R. 112, 116 (E.D. Va. 1997) ("The Court finds that imposition of deadlines for the conclusion of all arbitration hearings and at least the commencement of trials will cause both [parties] to focus their attention on their cases, prepare them for final hearing, and then have them tried.").

### III. Conclusion

The instant action is stayed pending mediation, which must take place by December 31, 2011. If no settlement is reached through mediation, the parties are directed to appear for an arbitration hearing by May 31, 2012.

**SO ORDERED.**

Dated:   New York, New York
         November 18, 2011

                                    /s/ John F. Keenan
                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge